UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| BLACK HILLS HYDRO-TURF, INC., | ) | CIV. 10-5085-JLV |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| GLENN C. BARBER & ASSOCIATES, INC., and LIBERTY MUTUAL INSURANCE CO., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

Pending before the court is defendants' motion for partial summary judgment. (Docket 31). The court referred the motion to United States Magistrate Judge Veronica L. Duffy for resolution. (Docket 46). On December 19, 2012, Magistrate Judge Duffy filed a report recommending the court deny defendants' motion for partial summary judgment. (Docket 51). Defendants timely filed objections. (Docket 52). Plaintiff filed a response to defendants' objections.[1] (Docket 55).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then

---

[1]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons stated below, defendants' objection is sustained. The report and recommendation is adopted in part, modified in part, and rejected in part as explained by this order.

## DISCUSSION

### A. MAGISTRATE JUDGE'S FINDINGS OF FACT

Plaintiff filed no objections to the report and recommendation and defendant did not object to the magistrate judge's findings of fact. See Dockets 52 & 55. The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1).

### B. MAGISTRATE JUDGE'S CONCLUSIONS OF LAW

Defendants' objection to the magistrate judge's conclusions of law and recommendation is:

> The Magistrate Erred in Finding that the Subcontract Does Not Require a Written Change Order as a Condition Precedent to Extra Work under the Subcontract.

(Docket 52 at p. 4). The court finds the magistrate judge erred for the following reasons.

Glenn C. Barber & Associates ("GBA") "was awarded a government contract to perform certain residential construction on Ellsworth Air Force Base in South Dakota." (Docket 51 at p. 3). Liberty Mutual Insurance Company ("Liberty") provided the performance bond for GBA. Id. Liberty agreed to pay any GBA subcontractor who was entitled to payment but

2

which GBA refused or failed to pay. Id. "GBA subcontracted the turf establishment part of its Ellsworth AFB contract to plaintiff BH Hydro-Turf." Id.

The dispute presented by defendants' motion for partial summary judgment is whether BH Hydro-Turf is entitled to additional compensation for turf it established. "BH Hydro-Turf alleges that it completed turf establishment on 2,466,945 square feet whereas the parties both contemplated at the beginning of the contract that the total square footage would be 1,740,000." Id. at pp. 36-37. BH Hydro-Turf alleges it is entitled to an additional $269,065.97 from GBA. Id. at p. 4.

The subcontract ("subcontract") between GBA and BH Hydro-Turf was a multiple document agreement. Id. at p. 5. The subcontract was "for a fixed, lump-sum price." Id. at p. 22. "[T]he subcontract is unambiguous . . . ." Id. at p. 24.

Article 7 of the subcontract addressed "CHANGES IN THE SUBCONTRACT WORK." (Docket 36-6 at p. 14). Section 7.1 provided:

> When [GBA] orders in writing, the Subcontractor, without nullifying this Agreement, shall make any and all changes in the Subcontract Work which are within the general scope of this Agreement. Any adjustment in the Subcontract Amount or Subcontract Time shall be authorized by a Subcontract Change Order. No adjustments shall be made for any changes performed by the Subcontractor that have not been ordered by [GBA]. A Subcontract Change Order is a written instrument prepared by [GBA] and signed by the Subcontractor stating their agreement upon the change in the Subcontract Work.

3

Id. Based on § 7.1, the magistrate judge concluded that while a change order is required under the subcontract, a change order is not required before additional work is performed. "Notably, although [§ 7.1] of the subcontract requires change orders to be in writing by GBA, it does not require that the written change order *precede* the work to be done or that BH Hydro-Turf halt work before embarking upon additional work that the parties have not reached agreement as to." (Docket 51 at p. 6) (emphasis in original). "[A]lthough [§ 7.1] requires that any change order be in writing by GBA, the provision does not require that a written change order from GBA is a condition precedent to any extra work done by BH Hydro-Turf." Id. at p. 36.

This conclusion of law is in error and is contrary to the language of an additional provision of the subcontract. Section 7.7 NO OBLIGATION TO PERFORM provides:

> The Subcontractor shall not perform changes in the Subcontract Work until a Subcontract Change Order has been executed or written instructions have been issued in accordance with Paragraph 7.2 or 7.9.

(Docket 36-6 at p. 15).

Defendants' reply brief specifically identified § 7.7 of the subcontract as being critical to the analysis being performed by the magistrate judge.

> The subcontract specifically states that "[n]o adjustments shall be made for any changes performed by the Subcontractor that have

4

not been ordered by the Design-Builder."[2] It also provides that the "Subcontractor shall not perform changes in the Subcontract Work until a Subcontract Change Order has been executed or written instructions have been issued in accordance with Paragraph 7.2 or 7.9."[3]

(Docket 42 at p. 9 & n. 28).

The court finds as a matter of law that the subcontract specifically requires a written change order be executed by GBA and BH Hydro-Turf <u>before</u> the performance of any work not contemplated by the original language of the subcontract or other previously executed written change orders. BH Hydro-Turf is not entitled to be compensated for any <u>additional</u> work allegedly performed.[4] "If labor and material is furnished under express contract, the contract will ordinarily measure the sum justly due." <u>D & L Const. Co. v. Triangle Electric Supply Co.</u>, 332 F.2d 1009, 1012 (8th Cir. 1964) (a Miller Act case); <u>see also</u> <u>Wm. Collins, Inc. v. South Dakota State Board of Transportation</u>, 264 N.W.2d 491, 496 (S.D. 1978) ("approval of a construction change order prior to performing the work is a condition precedent to [plaintiff's] recovery of its claim for payment . . . .").

---

[2]Referencing § 7.1 of the subcontract. (Docket 36 at p. 14).

[3]Referencing § 7.7 of the subcontract. (Docket 36 at p. 15)

[4]Plaintiff's only claim is a Miller Act claim, 40 U.S.C. § 3133 *et seq*. (Docket 51 at p. 14). "It has not specifically pleaded a separate state-law breach of contract claim." <u>Id.</u> Nor did plaintiff "allege that GBA breached a contractual covenant of good faith and fair dealing." <u>Id.</u> at p. 39. The deadline for making any motions to amend pleadings, including a further amendment to the complaint, was April 15, 2011. (Docket 18 at ¶ 3).

Defendants' objection is sustained and the conclusions stated in the report and recommendation are modified consistent with this order.

The defendants did not object to the other findings of the report and recommendation which are critical to resolving defendants' motion for partial summary judgment. "There were four change orders executed by the parties." (Docket 51 at p. 37). "Neither GBA nor BH Hydro-Turf explain . . . whether those change orders account for all or any part of the additional square footage asserted by BH Hydro-Turf." Id. "Since neither party adequately explains where the extra square footage came from, the court is also unable to assess whether BH Hydro-Turf had a right to be paid for the extra work." Id. at p. 38.

There are genuine questions of material fact concerning whether BH Hydro-Turf did extra work not contemplated by the original contract but which may be included in one or more of the change orders. Finally, "GBA has not shown that it is entitled to a defense judgment as a matter of law where GBA admits it still owes BH Hydro-Turf additional monies under the contract." Id. at p. 44. "GBA admits that it still owes BH Hydro-Turf $57,655 on the original fixed-price of the contract (after taking into account the four change orders agreed to by both parties)." Id. at pp. 43-44.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that defendants' objection (Docket 52) is sustained consistent with this order.

IT IS FURTHER ORDERED that the report and recommendation (Docket 51) is adopted in part, modified in part, and rejected in part consistent with this order.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment (Docket 31) is granted in part and denied in part consistent with this order.

Dated March 26, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE